UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| GREGG MARCHAND, | : | |
| --- | --- | --- |
| Plaintiff, | : | |
| | : | |
| v. | : | 3:08-cv-187 (WWE) |
| | : | |
| STATE OF CONNECTICUT DEPARTMENT | : | |
| OF MOTOR VEHICLES, | : | |
| Defendant. | : | |

## MEMORANDUM OF DECISION ON
## DEFENDANT'S MOTION TO DIMISS PLAINTIFF'S COMPLAINT

This action arises from plaintiff Gregg Marchand's claim that defendant State of Connecticut Department of Motor Vehicles impermissibly suspended his driver's license because defendant's administrative hearing was presided over by an allegedly biased mediator. Plaintiff seeks the reinstatement of his driver's license or, in the alternative, $100,000 in damages. Defendant has moved for dismissal of plaintiff's claim on grounds set forth below.

## BACKGROUND

For purposes of ruling on a motion to dismiss, the Court accepts all allegations of the complaint as true.

Plaintiff was found guilty of driving under the influence on May 22, 2004. As part of his sentence, his driver's license was suspended. Plaintiff challenged this suspension on the ground that he was not guilty of any of the charges. The magistrate at this hearing was "Attorney Curtis," whom plaintiff alleges acted in the dual capacity of prosecutor and judge. Plaintiff claims that he would have succeeded in the administrative hearing had he received a fair hearing.

1

Although plaintiff does not mention 42 U.S.C. § 1983 in his complaint, because the Court is to construe a pro se complaint liberally, it reads plaintiff's complaint as asserting such a claim against an individual. See Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Will v. Mich. Dep't of State Police, 491 U.S. 58, 70 (1989) (noting that a state cannot be sued under section 1983).[1]

**DISCUSSION**

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984). When deciding a motion to dismiss, the court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King, 467 U.S. 69, 73 (1984). The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). A plaintiff is obliged to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible. Iqbal v. Hasty, 490 F.3d 143 (2d Cir. 2007) (applying flexible "plausibility standard" to Rule 8 pleading), cert. granted, 128 S. Ct. 2931 (2008).

Defendant moves for dismissal arguing that (1) plaintiff's claim is barred by the

---

[1] Plaintiff has not asserted any claims against an individual, let alone against one in his individual capacity. Therefore, this action is entirely preempted by the Eleventh Amendment and the "person" requirement of section 1983. In the interest of liberally construing the pro se plaintiff's complaint and in the abundance of caution, the Court will consider the merits of his claims in their entirety.

2

Eleventh Amendment and (2) plaintiff has already litigated his claim in the Connecticut state courts and is, therefore, barred by res judicata.

I.     **Eleventh Amendment Defense**

The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." This provision has been extended to suits against a state brought by its own citizens. Board of Trustees of Univ. of Alabama v. Garrett, 531 U.S. 356, 363 (2002). Eleventh Amendment immunity bars federal courts from entertaining any suit for damages brought by a private citizen against a state without the state's consent. Id. "The ultimate guarantee of the Eleventh Amendment is that nonconsenting states may not be sued by private individuals in federal court." Id.

Congress may abrogate Eleventh Amendment immunity when it intends to do so and acts according to a valid grant of constitutional authority pursuant to section five of the Fourteenth Amendment. Kimel v. Florida Board of Regents, 428 U.S. 62, 73 (2000). It is well settled that section 1983 does not override the Eleventh Amendment and that a suit against a state or its agency under section 1983 for damages is barred by the Eleventh Amendment. Quern v. Jordan, 440 U.S. 332, 345 (1979). See also Dube v. State University of New York, 900 F.2d 587, 594 (2d Cir. 1990) ("Although Congress is empowered under section five of the Fourteenth Amendment to override Eleventh Amendment immunity and to enforce by appropriate legislation the substantive provisions of the Fourth Amendment ... it is well settled that 42 U.S.C. § 1983 does not constitute an exercise of that authority."). Accordingly, absent any

indication that the state has waived its rights under the Eleventh Amendment – and there is no evidence that it has – the Eleventh Amendment bars plaintiff's request for retrospective damages.

Contrary to defendant's argument, the Court reads plaintiff's claim for the reinstatement of his driver's license as a claim for prospective relief.[2] Concerning prospective, equitable relief, the Second Circuit adheres to the long-settled doctrine that the Eleventh Amendment does not preclude suits against state officers in their official capacity for prospective injunctive relief to prevent a continuing violation of federal law. Ex parte Young, 209 U.S. 123, 155-56 (1908); Henrietta D. v. Bloomberg, 331 F.3d 261, 287 (2d Cir. 2003). Assuming that plaintiff's claim for reinstatement of his driver's license is properly made under section 1983, the Eleventh Amendment does not serve as a bar to this Court's entertaining such claim.

Plaintiff's claim for retrospective relief – i.e., damages – will be dismissed as barred by the Eleventh Amendment. His claim for the reinstatement of his driver's license is properly before the Court.

## II.    Res Judicata Defense

Defendant alleges that plaintiff has previously brought a cause of action on his claim before the Connecticut state courts. Under the doctrine of res judicata, a judgment on the merits in a prior suit bars a suit involving the same parties based on

---

[2] Defendant reads plaintiff's complaint as asking for a declaratory judgment that defendant's procedure violated his rights. If this is indeed what plaintiff requests, this claim is barred by the Eleventh Amendment. See Green v. Mansour, 474 U.S. 64, 72 (1985 (ruling that Eleventh Amendment bars retroactive declaratory relief); Community Health Care Ass'n v. DeParle, 69 F. Supp. 2d 463, 472 (S.D.N.Y. 1999).

the same cause of action. Semteck Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 502 (2001). In determining whether an action is barred by res judicata, the Court must first determine that the second suit involves the same "claim" or "nucleus of operative fact" as the first suit. Waldman v. Village of Kiryas Joel, 207 F.3d 105, 108 (2d Cir. 2000). Three indicia are crucial to the determination of whether this doctrinal bar applies: (1) whether the underlying facts are related in time, space, origin, or motivation, (2) whether they form a convenient trial unit, and (3) whether their treatment as a unit conforms to the parties' expectations. Interoceanica Corp. v. Sound Pilots, Inc., 107 F.3d 86, 90 (2d Cir. 1997).

Plaintiff filed an administrative appeal of the suspension of his driver's licence in Connecticut Superior Court. See Marchand v. Comm'r of Motor Vehicles, Docket No. HHB-CV-04-4001626-S. This case contained substantially similar allegations and claims as the current case. After his case was dismissed, plaintiff appealed the dismissal to the Appellate Court, which affirmed the dismissal. See Marchand v. Comm'r of Motor Vehicles, 92 Conn. App. 907 (2005) (per curiam). The Connecticut Supreme Court denied certification of plaintiff's appeal. See Marchand v. Comm'r of Motor Vehicles, 277 Conn. 929 (2006). In light of this, plaintiff has already had his day in court on the same nucleus of operative fact, and this Court is in no position to upset the completed state court proceedings.

Dismissal is therefore appropriate on plaintiff's claim on res judicata grounds.

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion to dismiss (Doc. #8). The Clerk is instructed to close this case.

Dated at Bridgeport, Connecticut, this 18th day of December, 2008.

                                      /s/
                              Warren W. Eginton
                              Senior United States District Judge